## TAYLOR v. WYNNE et al.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

JUDGMENT—LIEN—LEASEHOLD.
   Under Code Civil Proc. N. Y. § 1430, providing that the term "real property," as used in chapter 13, arts. 3, 4, relating to the execution sale of land, shall apply to leasehold property where the lessee or his assignee, at the time of sale, is possessed of "at least five years' unexpired term of lease," a judgment, though duly docketed, is not a lien on the judgment debtor's interest in the unexpired term of a lease having but two years to run.

Motion for reargument. For former report, see 8 N. Y. Supp. 759.

Summary proceedings by Grant B. Taylor against Frank Wynne, Hannah Wynne, and others, to dispossess defendants, as tenants, of the possession of real property which had been sold to Taylor on an execution issued against Frank Wynne. The petition stated that Wynne had leased the premises in question for a term of five years, beginning April 1, 1885; that on March 26, 1888, the judgment was docketed on which the execution was issued; that on April 4, 1888, Wynne assigned the lease to his wife, and that afterwards the execution was issued. Code Civil Proc. N. Y. § 1430, provides that the

expression "real property," as used in chapter 13, arts. 3, 4, relating to execution sales of land, includes leasehold property where, at the time of sale, the lessee or his assignee is possessed of at least five years' unexpired term of lease. The petition was dismissed, and the petitioner appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Grant B. Taylor, in pro. per.  Francis Larkin,* for respondents.

PRATT, J. By section 1430 of the Code, "real property" is said to include leasehold property where there is at least five years unexpired of the lease. In the present case there was but two years unexpired of the lease when the judgment was docketed. The lease not being "real property," the judgment was not a lien upon it. The assignment to the wife conveyed it free from the lien of the judgment, and when the execution was afterwards issued against the husband the lease was no longer his property, and a sale upon an execution against him carried no title to the purchaser. Another defect upon the face of the petition was that the judgment was not stated to be for $25, exclusive of costs.

We are still of the opinion expressed on the former appeal. Motion for reargument denied, with $10 costs and disbursements.